UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
FLAME S.A.,

                                    Plaintiff,


                 -against-                                              10 Civ. 9557 (LAK)


INDUSTRIAL CARRIERS, INC.,

                                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**MEMORANDUM OPINION**


                 Appearances:


                                    William R. Bennett, III
                                    BENNETT, GIULIANO, MCDONNELL & PERRONE, LLP
                                    *Attorney for Plaintiff*


                                    George M. Chalos
                                    Kerri M. D'Ambrosio
                                    CHALOS & CO., P.C.
                                    *Attorneys for Defendant*


LEWIS A. KAPLAN, *District Judge.*

                 Flame S.A. ("Flame") obtained a $19,907,118.36 default judgment against Industrial

Carriers, Inc. ("ICI") from the High Court of Justice, Queens Bench Division, in London in an action

for breach of four maritime forward freight swap agreements.  It then brought this action under the

New York version of the Uniform Foreign Country Money-Judgments Recognition Act (the

2

"Uniform Act")[1] for an order "recognizing and confirming" the English judgment and for interest thereon.  The matter is before the Court on ICI's motion to dismiss the complaint on the ground that it fails to state a claim upon which relief may be granted.

*I*

The complaint, the allegations of which are deemed true for purposes of this motion, alleges that Flame entered into four maritime forward freight swap agreements with ICI, that ICI breached the agreements, that Flame sued ICI in the London High Court, and that the High Court entered judgment for Flame against ICI in the amount of $19,907,118.36.  The judgment, which is attached to the complaint, recites that the defendant had not replied to the claim form (i.e., complaint), thus suggesting that it was rendered on default.  The complaint here further alleges that the English judgment is final, conclusive and enforceable in England and seeks recognition and enforcement thereof under N.Y. CPLR § 5303.

*II*

The complaint here alleges that the judgment is final, conclusive and enforceable in England.  N.Y. CPLR § 5303 provides that, "[e]xcept as provided in section 5304," such a judgment is conclusive between the parties to the extent it grants or denies monetary relief and is enforceable in New York by an action on the judgment, among other means.

There are two groups of exceptions provided in Section 5304.  Section 5304(a) provides, in clauses often referred to as describing mandatory grounds of non-recognition, that a

---

[1] N.Y. CPLR §§ 5301-09.

3

foreign country judgment is not conclusive if (1) it was rendered under a system that does not

provide impartial tribunals or procedures compatible with the requirements of due process of law,

or (2) the foreign court did not have personal jurisdiction over the defendant.  Section 5304(b) goes

on to provide a number of discretionary grounds upon which relief may be denied, including that

the defendant in the foreign action did not receive notice in sufficient time to enable it to defend.[2]

The essence of ICI's position is that (1) the claims form (complaint) in the English

action recited ICI's address as being a post box in the Marshall Islands "c/o" an address in Odessa,

Ukraine, (2) it closed the Odessa office in 2008 after filing a bankruptcy petition in Greece, and (3)

it did not receive notice of the English action until its agent CT Corporation System was served with

the summons and complaint in this action.

None of the facts concerning the alleged closure of the Odessa office, the Greek

bankruptcy petition, and the alleged lack of notice of the English action, however, is set out in any

affidavit or declaration.  Rather, they appear only in ICI's unsworn memorandum of law, which

contains also a promise of a "forthcoming declaration of a former director of ICI."[3]  No such

declaration ever has been filed.  Hence, ICI's argument reduces to the contention that the complaint

fails to state a legally sufficient claim because it does not allege that (1) the judgment was rendered

under a system which provides impartial tribunals or procedures compatible with the requirements

of due process of law, and (2) the English court had personal jurisdiction over ICI.  In other words,

it asserts that the burden lies with the party seeking recognition and enforcement of a foreign

judgment to plead facts that, if proven, would negate the mandatory grounds for non-recognition.

---

[2]     N.Y. CPLR § 5304(b), subd. 2.

[3]     DI 9, at 6.

Most of the few courts to have addressed the burden of proof in cases under the Uniform Act have held or assumed that the burden of proving the existence of a basis for non-recognition of a foreign money judgment is borne by the party resisting enforcement.[4]  Nevertheless, there is some authority in New York that suggests that the proponent of the foreign judgment must make at least a *prima facie* showing that the mandatory bases for non-recognition and non-enforcement – i.e., a system lacking in fairness or lack of personal jurisdiction – are not present.

The case most nearly on point is *Wimmer Canada, Inc. v. Abele Tractor & Equipment Co., Inc.*,[5] where the Third Department, albeit in *dicta,* stated that the "plaintiff bears the burden of making a prima facie showing that the mandatory grounds for non-recognition . . . do not exist . . . and that CPLR article 53 requirements are satisfied."[6]  *Wimmer Canada* in turn relied principally on *dicta* in *Ackerman v. Levine*[7] to much the same effect.

While neither *Wimmer Canada* nor *Ackerman* is a square holding that the proper allocation of the onus of proof at trial is that the party seeking recognition and enforcement must establish that the mandatory grounds of non-recognition are absent, they do suggest that the proponent of the judgment at least bears the burden of going forward.  But even that conclusion

---

[4] *See Southwest Livestock and Trucking Co. v. Ramon,* 169 F.3d 317, 320 (5th Cir. 1999); *Osorio v. Dole Food Co.,* 665 F. Supp.2d 1307, 1324 (S.D. Fla. 2009); *Kramer v. von Litschke-Collande,* 5 So.3d 689, 690 (Fla. App. 3d Dist. 2008); *Kam-Tech Systs. Ltd. v. Yardeni,* 340 N.J. Super. 414, 423-24, 774 A.2d 644, 649-650 (App. Div. 2001); *Dart v. Balaam,* 953 S.W.2d 478, 480 (Tex. App. 1997).

[5] 299 A.D.2d 47, 750 N.Y.S.2d 331 (3d Dept. 2002).

[6] *Id.* at 49, 750 N.Y.S.2d at 331.

[7] 788 F.3d 830, 842 n.12 (2d Cir. 1986).

would not decide the issue before this Court, which is not the burden of going forward or of persuasion at trial, but merely the legal sufficiency of the complaint at the pleading stage.

In this case, the location of the pleading burden with respect to the first mandatory ground for non-recognition is immaterial, as Flame has carried any burden it might bear.  It has alleged that the judgment was rendered by the Queen's Bench Division of the English High Court. As the New York Court of Appeals, quoting the Seventh Circuit, said not long ago, "Any suggestion that [England's] system of courts does not provide impartial tribunals or procedures compatible with the requirements of due process of law borders on the risible."[8]

The locus of the burden of pleading with respect to the English court's personal jurisdiction, or the lack thereof, in contrast, is important to this motion, as the complaint in this action does not allege that the English court had personal jurisdiction over ICI.  Nevertheless, the complaint alleges that the English judgment is final, conclusive and enforceable in England.  Given the common heritage of the U.S. and American legal systems, it is appropriate to infer from that allegation that the judgment was not entered without proof that ICI had been duly served.  This is confirmed by Rule 6.14(2) of the United Kingdom's Civil Procedure Rules 1998, which provides that where a claim form is served by the claimant, no default judgment may be obtained unless a certificate of service has been filed.[9]

In all the circumstances, the complaint adequately alleges that the English court had

---

[8]

*CIBC Mellon Trust Co. v. Mora Hotel Corp. N.V.,* 100 N.Y.2d.215, 222, 762 N.Y.S.2d 5, 10 (2003) (quoting *Society of Lloyd's v. Ashenden,* 233 F.3d 473, 476 (7th Cir. 2000) (internal quotation marks omitted)).

[9]

Rule 6.14(2), The Civil Procedure Rules 1998 (available at http://www.legislation.gov.uk/uksi/1998/3132/part/6/crossheading/special-provisions-about-service-of-the-claim-form/made) (last visited Apr. 12, 2011).

6

personal jurisdiction over ICI. [10]

*III*

The motion to dismiss the complaint is denied.

SO ORDERED.

Dated:          April 13, 2011

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[10]    ICI may well be entitled to allege and prove, by way of defense to the action, the facts it asserted in its unsworn memorandum, which might result in a determination that the English judgment is not entitled to recognition and enforcement here.   The Court, however, expresses no view on that question at this time.